[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15890
Non-Argument Calendar

_____

D. C. Docket No. 04-00015-CR-01-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY AUSTIN DUNCAN,
a.k.a. Hank Duncan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2008)

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Henry Duncan, proceeding pro se, appeals the district court's denial of his

petition for a writ of mandamus to compel the government to file a Federal Rule of Criminal Procedure 35(b) motion to reduce his sentence based on his substantial assistance in investigating or prosecuting others.

## I.

In 2005 Henry Duncan entered into a plea agreement with the government. The terms of the agreement were that Duncan would plead guilty to one count of the indictment against him, cooperate fully with the government, and waive some of his rights to directly appeal or collaterally attack his sentence. In exchange, the government agreed to dismiss the remaining counts in the indictment and make certain recommendations at his sentence hearing. Additionally, the government agreed that, if Duncan's cooperation was complete at the time of sentencing and constituted "substantial assistance," the government would move for a downward departure under United States Sentencing Guidelines § 5K1.1. If Duncan's cooperation was not complete until after sentencing and was "substantial assistance," then the government agreed to "consider whether to file a [Rule 35(b)] motion for reduction of sentence." The plea agreement specified that "the determination as to whether [Duncan] ha[d] provided 'substantial assistance' rest[ed] solely with the government."

The district court accepted Duncan's guilty plea and adopted the plea

agreement. At sentencing, the government made the recommendations listed in the plea agreement and moved for a § 5K1.1 substantial assistance departure, which the court granted. The court then sentenced Duncan to 135 months imprisonment and ten years of supervised release. Duncan did not appeal that sentence.

On September 6, 2007, Duncan, proceeding pro se, filed a petition for a writ of mandamus, asking the court to order the government to make a Rule 35(b) motion on his behalf. He argued that the plea agreement with the government required it to file a Rule 35(b) motion because he had continued cooperating after being sentenced. He also requested, if necessary, an evidentiary hearing on whether his continued cooperation was substantial assistance. The district court denied his petition, and Duncan appealed.

## II.

Duncan first contends that the district court erred in denying his petition for a writ of mandamus because the government violated an enforceable plea agreement by failing to make a Rule 35(b) motion on his behalf.[1] "Mandamus is

---

[1] The government contends that Duncan's complaint should be considered a motion to vacate, correct, or amend a sentence under 28 U.S.C. § 2255, not a petition for a writ of mandamus. However, "[t]he plaintiff is the master of the complaint," and Duncan clearly specified that he was seeking a writ of mandamus. United States v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997). While we can "sometimes ignore the legal label that a pro se litigant attaches to a motion . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis," Castro v. United States, 540 U.S. 375, 381–82, 124 S. Ct. 786, 791–92 (2003), a writ of mandamus is an established way of enforcing a plea agreement, see, e.g., In re Arnett, 804 F.2d 1200 (11th Cir. 1986). Therefore, we will treat Duncan's

3

proper if (1) the Plaintiffs can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available." Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003).  Because Duncan cannot show that the government has "a clear, non-discretionary duty to act," he is not entitled to a writ of mandamus.

The plea agreement between Duncan and the government stated that, if the government determined that Duncan had provided substantial assistance, it would make either a U.S.S.G. § 5K1.1 motion or a Rule 35(b) motion, depending on when Duncan's cooperation was complete.  The government considered Duncan's cooperation to be complete at sentencing and accordingly made a §5K1.1 motion at Duncan's sentence hearing.  This is all that the plea agreement required, and the government complied with it.  Further, even if Duncan gave substantial assistance after sentencing, the governmnet's only obligation was to "consider whether to file" a Rule 35(b) motion.  The plea agreement did not impose a "clear, non-discretionary duty" on the government to make a Rule 35(b) motion after it had already made a § 5K1.1 motion on Duncan's behalf.

There are some times when it is appropriate for a court to review the government's decision not to make a Rule 35(b) motion even absent a plea

---

petition for a writ of mandamus as exactly that.

4

agreement, but those are limited to "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993). Duncan has not even alleged that the government had an unconstitutional motivation, so that exception is inapplicable here.

Duncan also contends that the district court should have at least held an evidentiary hearing to determine if the assistance he gave the government after he was sentenced was "substantial." The "decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." Schriro v. Landrigan, ___ U.S. ___, ___, 127 S. Ct. 1933, 1939 (2007). We review that decision only to determine whether the district court abused its discretion. United States v. Mena, 863 F.2d 1522, 1528 (11th Cir. 1989). The absence of a clear, non-discretionary duty on the government to make a Rule 35(b) motion on Duncan's behalf prevents him from obtaining a writ of mandamus, which means that proof of his substantial assistance could not have changed the outcome of his petition. Therefore, the district court did not abuse its discretion when it denied him an evidentiary hearing.

AFFIRMED.